JOHN M. McCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
SPENCER E. BENDELL, Cal. Bar No. 181220
Email: bendells@sec.gov
DAVID M. ROSEN, Cal. Bar No. 150880
Email: rosend@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**ORIGINAL**

**JS6**

FILED
CLERK, U.S. DISTRICT COURT
OCT 19 2011
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

CV 11-08607 R (DTBx)

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

   vs.

CHARLES P. COPELAND,
COPELAND WEALTH MANAGEMENT, A FINANCIAL ADVISORY CORPORATION, and
COPELAND WEALTH MANAGEMENT, A REAL ESTATE CORPORATION,

   Defendants.

Case No.

[PROPOSED] JUDGMENT OF PERMANENT INJUNCTIOIN AND OTHER RELIEF AS TO DEFENDANTS CHARLES P. COPELAND, COPELAND WEALTH MANAGEMENT, A FINANCIAL ADVISORY CORPORATION, AND COPELAND WEALTH MANAGEMENT, A REAL ESTATE CORPORATION

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants Charles P. Copeland ("Charles Copeland"), Copeland Wealth Management, A Financial Advisory Corporation ("CWM") and Copeland Wealth Management, a Real Estate Corporation ("Copeland Realty") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Charles Copeland, CWM and Copeland Realty, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

///
///

1

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Charles Copeland, CWM and Copeland Realty, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Charles Copeland, CWM and Copeland Realty, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) & 80b-6(2), by the use of the mails or any means or instrumentalities of interstate commerce:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall each pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1). The Court shall determine the amounts of the disgorgement and civil penalties upon motion of the Commission. Prejudgment interest shall be calculated from April 1, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

///

///

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Thomas C. Hebrank, is appointed as permanent receiver of Defendants CWM and Copeland Realty and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendants CWM and Copeland Realty and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

(a) to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendants CWM and Copeland Realty and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

(b) to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, and all accounts over which any of their employees or agents have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of Defendants CWM and Copeland Realty and their subsidiaries and affiliates, or which maintains any accounts over which Defendants CWM and Copeland Realty and their subsidiaries and affiliates, and/or any of their officers, employees or agents have signatory authority;

///

(c) to conduct such investigation and discovery as may be necessary to locate, account for and recover all of the assets of or managed by (and to account for and pursue recovery of the losses of Defendants CWM and Copeland Realty and their subsidiaries and affiliates), and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

(d) to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Defendants CWM and Copeland Realty and their subsidiaries and affiliates;

(e) to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of Defendants CWM and Copeland Realty and the assets under their management, and to file the accounting with the Court and deliver copies thereof to all parties;

(f) to make such payments and disbursements from the funds and assets taken into custody, control and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

(g) to employ attorneys, accountants and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of Defendants CWM and Copeland Realty and their subsidiaries and affiliates;

(h) to have access to, monitor, and redirect all mail (including email and facsimile) of Defendants CWM and Copeland Realty and their

subsidiaries and affiliates, in order to review such mail which he or she deems relates to their business and the discharging of his or her duties as permanent receiver;

(i) to operate and control the content of information posted on any Internet web site maintained by Defendants CWM and Copeland Realty and their subsidiaries and affiliates; and

(j) to exercise all of the lawful powers of Defendants CWM and Copeland Realty and their subsidiaries and affiliates, and their officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants CWM and Copeland Realty and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership in this action, shall forthwith give access to and control of such property to the permanent receiver.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that neither Defendants CWM or Copeland Realty nor any agent, servant, employee, or attorney of Defendants CWM or Copeland Realty shall take any action or purport to take any action, in the name of or on behalf of Defendants CWM or Copeland Realty without the written consent of the permanent receiver or order of this Court.

///
///

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants CWM and Copeland Realty or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

(a) commencing, prosecuting, continuing or enforcing any suit or proceeding (other than actions by the Commission) against any of them;

(b) using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendants CWM and Copeland Realty; and

(c) doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendants CWM and Copeland Realty, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

///

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Charles Copeland, CWM and Copeland Realty and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as otherwise ordered by this Court, Defendants Charles Copeland, CWM and Copeland Realty, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants CWM and Copeland Realty, and their subsidiaries and affiliates. Nothing in this paragraph shall prevent the permanent receiver from disposing of documents in compliance

with applicable law upon the termination of the receivership by the Court at the conclusion of this case.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by Defendants CWM, Copeland Realty, or their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that representatives of the Commission and any other government agency, are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendants CWM and Copeland Realty and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants Charles Copeland, CWM and Copeland Realty are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

///
///
///
///
///

## XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: Oct. 19, 2011

_____
UNITED STATES DISTRICT JUDGE