RICHARD M KIPPERMAN
Trustee of the Copeland Liquidating Trust
P.O. Box 3010
La Mesa, CA 91944-3010
Phone: (619) 668-4500
Fax: (619) 668-9014
E-Mail: rmk@corpmgt.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION - LOS ANGELES**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CHARLES P. COPELAND, COPELAND WEALTH MANAGEMENT, A FINANCIAL ADVISORY CORPORATION, and COPELAND WEALTH MANAGEMENT, A REAL ESTATE CORPORATION,

Defendants.

Case No. 11-08607-R-DTB

**LIQUIDATING TRUSTEE'S FINAL REPORT AND FINAL ACCOUNTING RE ADMINISTRATION OF THE COPELAND LIQUIDATING TRUST**

Date: June 18, 2018
Time: 10:00 a.m.
Ctrm: 8, 2nd Floor
Judge: Hon. Manuel L. Real

Richard M Kipperman, the Court appointed Trustee for the Copeland Liquidating Trust ("Trustee") hereby submits his Liquidating Trustee's Final Report and Final Accounting Re Administration of the Copeland Liquidating Trust ("Final Report").

## I. REPORT ON ADMINISTRATION

**Appointment of Trustee:**

On October 18, 2011 the Securities and Exchange Commission filed a complaint against the above captioned defendants alleging violation of the Federal Securities Law. In connection with the action, the Court appointed Thomas C. Hebrank as the Court-appointed receiver for Copeland Wealth Management, a Financial Advisory Corporation, Copeland Wealth Management, a Real Estate Corporation, and their subsidiaries and affiliates ("Hebrank Receivership"). In the course of the administration of the Hebrank Receivership it was determined that it would be appropriate to create a Liquidating Trust Agreement and appoint a Trustee of the Liquidating Trust Agreement for the purpose of administering receivership assets and distributing them to beneficiaries.

On June 11, 2014 the Court issued its order appointing the Trustee as the Liquidating Trustee for Copeland Wealth Management, a Financial Advisory Corporation, Copeland Wealth Management, a Real Estate Corporation, and their subsidiaries and affiliates. The Trustee was vested with the duties, rights and powers set forth in the Copeland Liquidating Trust Agreement "(Liquidating Trust").

**Employment of Attorney and Accountant:**

The Trustee was authorized to employ, and employed the law firm of Mulvaney Barry Beatty Linn & Myers LLP ("Mulvaney") as counsel for the Trustee in the Trustee's administration of matters under the Trust.

The Trustee was authorized to employ, and employed the accounting firm of Lavine Lofgren Morris & Engelberg LLP ("Lavine") as accounts for the Trust.

**Administration of Liquidating Trust:**

The duties of the Trustee under the Liquidating Trust were primarily to: (a) collect payments on existing settlements for notes receivable and other collection matters, (b) prosecute and enforce judgments, (c) defend the Tri Tool appeal, (d) administer the trust assets, and (e) distribute the trust assets to the beneficiaries.

The Trustee was tasked with collecting monthly payments that were owed to the receivership that existed prior to, and were terminated upon, the appointment of the Trustee.

The Trustee was tasked with pursuing efforts to collect on judgments from debtors owing money to the receivership in a lawsuit pending in Riverside Superior Court and San Bernardino Superior Court.

The Trustee was tasked with defending against two separate appeals filed in the United States Court of Appeals for the Ninth Circuit, one filed by Tri Tool (Case No. 14-55246); and the other filed by limited partners of Copeland Properties 18, LP (Case No. 14-56086).

The Trustee was tasked with enforcing a judgment obtained by the Receiver against Stauffer's Landscape, Inc. in San Bernardino Superior Court.

With the appointment of the Trustee, the Hebrank Receivership liquid assets were transferred to the Trustee. The Hebrank Receivership liquid assets so transferred were as follows:

Bank Accounts:

| | |
|---|---|
| Copeland Realty Inc. | $ 645,103.61 |
| Copeland Properties 18 LP | $ 20,595.01 |
| Copeland Fixed Income I | $ 9,309.21 |
| Copeland Fixed Income II | $ 67,933.10 |
| Copeland Fixed Income III | $ 80,303.72 |

During the course of the administration of the Liquidating Trust, the Trustee learned that there was a discrepancy in tax identification numbers used by the defendant for

two different entities. The defendant used the same tax identification number for two different entities, Copeland Realty Inc., and Copeland Wealth Management A Real Estate Corporation. The discrepancy appeared to have affected the filing of tax returns for the tax years 2011 through 2016. The state and federal tax filing issues were addressed as were resulting tax liabilities and tax penalties. The Copeland Realty Inc. account should have been identified and reported on as "Copeland Wealth Management A Real Estate Corporation". The Trustee made the appropriate changes and the final accounting below reports on the Copeland Realty Inc. account as "Copeland Wealth Management A Real Estate Corporation (Formerly identified as Copeland Realty Inc.)".

The Trustee collected all payments due on the settlement agreements in Bobby Bhasker-Rao, Venkatasvara Rao, and Vellore Muraligopal as reflected in the final accounting below.

The Trustee entered into and collected on a settlement agreement with debtor Samuel Gregory to satisfy payments due on a defaulted loan with Copeland Fixed Income III as reflected in the final accounting below. The Trustee entered into and collected on a settlement agreement with Serenity as reflected in the final accounting below.

Tri Tool exhausted its appeal rights and the appeal by the limited partners of Copeland Properties 18 LP was transferred to a Receiver in Kentucky terminating the Trustee's task of defending against these two appeals filed in United States Court of Appeals for the Ninth Circuit.

The Trustee abandoned the judgment he was tasked in pursuing against Stauffer's Landscape, Inc. after learning Stauffer's Landscape, Inc. filed a chapter 7 bankruptcy and after determining the judgment had no value.

During the course of the administration of the Trust, the Trustee and the Trustee's attorneys were presented with a subpoena issued by Grover L. Porter, attorney for Charles Copeland in the matter People of the State of California v.

Charles Copeland, San Bernardino County Superior Court Case No. FWV 1502501. The Subpoena was extensive, requesting documents and records relating to various Copeland entities and requiring the Trustee, the Trustee's office, and the Trustee's attorneys to devote substantial time and resources to its compliance.

**Interim Distribution:**

During the administration of the Liquidating Trust, the Trustee made a distribution to claimants pursuant to the Court's August 11, 2016 Order. As reflected in the final accounting below for the account Copeland Wealth Management A Real Estate Corporation (Formerly identified as Copeland Realty Inc.), the distribution was made from the former Copeland Realty Inc. account with contributions to that account from the Copeland Properties 18LP account, the Copeland Fixed Income II account, and the Copeland Fixed Income III account.

**Termination of the Liquidating Trust:**

The Trustee has administered the Liquidating Trust and the tasks charged of the Trustee to completion and to the point where the Liquidating Trust is positioned to: make final fee and cost payments to the Trustee, the Trustee's attorneys, and to the Trustee's accountants; to make a final distribution to the claimants of the Liquidating Trust; and, terminate the Liquidating Trust.

## II. FINAL ACCOUNTING

## (JUNE 11, 2014 THROUGH MAY 14, 2018)

Upon appointment, the Trustee received the following liquid funds from the Hebrank Receivership:

Bank Accounts:

| | |
|---|---|
| Copeland Realty Inc. | $ 645,103.61 |
| Copeland Properties 18 LP | $ 20,595.01 |
| Copeland Fixed Income I | $ 9,309.21 |
| Copeland Fixed Income II | $ 67,933.10 |
| Copeland Fixed Income III | $ 80,303.72 |

The Trustee opened bank accounts for the funds and during the administration of the Liquidating Trust, the Trustee received funds and made disbursements/distributions therefrom as summarized below:

**COPELAND WEALTH MANAGEMENT A REAL ESTATE CORPORATION**

(Formerly Identified as Copeland Realty Inc.)
June 11, 2014 Through May 14, 2018

Beginning Balance:

| | | | |
|---|---|---|---|
| 1. | Receiver Fund Turnover 8/20/2014 | | $645,103.61 |

Receipts:

| | | | |
|---|---|---|---|
| 1. | Calif Sleep Lease Pmnts | $10,250.00 | |
| 2. | B.S. Bhasker-Rao Lease Payment | 6,000.00 | |
| 3. | Charles Schwab | 1,309.32 | |
| 4. | Serenity Dori Lalanne Settlement Pmnts | 1,000.00 | |
| 5. | Copeland Properties 18 LP Fund Interim Distribution | 13,175.74 | |
| 6. | Copeland Fixed Income II Fund Interim Distribution and Close Copeland Fixed Income II Acct | 38,799.50 | |
| 7. | Copeland Fixed Income III Fund Interim Distribution | 148,502.61 | |
| 8. | St of Calif Tx Rfnd Copeland Prop 9 | 218.08 | |
| 9. | St of Calif Tx Rfnd Copeland Fixed I | 800.00 | |
| 10. | Trans from Copeland Properties 18 LP Close Copeland Properties 18 LP Acct | 5,815.27 | |
| 11. | Trans from Copeland Fixed Income I Close Copeland Fixed Income I Acct | 7,709.21 | |
| 12. | Trans from Copeland Fixed Income III Close Copeland Fixed Income III Acct | 4,796.76 | |
| Total Receipts: | | | $238,376.49 |

Disbursements:

| | | | |
|---|---|---|---|
| 1. | Kohut Family Trust - Initial Distrib Reissuance of Rcvr Distrib Check Returned after Rcvr Funds Trans to Trustee of Liquidating Trust | $ 110,898.11 | |
| 2. | Mulvaney Barry - Attorney Fees | 226,383.51 | |
| 3. | Lavine Lofgren - Accountant Fees | 84,610.00 | |
| 4. | Richard M Kipperman - Trustee | 88,757.47 | |
| 5. | California Franchise Tax Board | 23,366.78 | |
| 6. | Calif Sleep Refund of Overpayment | 750.00 | |
| 7. | Disbursements to Claimants | 200,477.85 | |
| 8. | JAG Investigations - Claimant Search | 1,034.50 | |
| 9. | Bank Fees | 70.00 | |
| 10. | Kentucky State Treasurer - Taxes | 11,782.00 | |
| 11. | Lexington-Fayette Urban Cnty - Taxes | 14,547.00 | |
| 12. | Fayette Cnty PS - Taxes | 3,232.00 | |
| 13. | Fed-Ex | 21.80 | |
| | Total Disbursements: | | $765,931.02 |
| | Ending Cash Balance 5/14/2018 | | $117,549.08 |

**COPELAND PORPERTIES 18 LP**

June 11, 2014 Through May 14, 2018

Beginning Balance:

| | | | |
|---|---|---|---|
| 1. | Receiver Fund Turnover 8/20/2014 | | $ 20,595.01 |

Receipts:

| | | | |
|---|---|---|---|
| 1. | None | $ - | |
| | Total Receipts: | | $ - |

Disbursements:

| | | | |
|---|---|---|---|
| 1. | North Carolina Department of Revenue | $ 4.00 | |
| 2. | California Franchise Tax Board | 1,600.00 | |
| 3. | Copeland Wealth Mgmnt Acct To Fund Interim Distribution | 13,175.74 | |
| 4. | Trans To Copeland Wealth Mgmnt Acct To Close Copeland Prop 18LP Acct | 5,815.27 | |
| | Total Disbursements: | | $ 20,595.01 |
| | Ending Cash Balance 5/14/2018 | | $ - |

**COPELAND FIXED INCOME I**

June 11, 2014 Through May 14, 2018

Beginning Balance:

| | | | |
|---|---|---|---|
| 1. | Receiver Fund Turnover 8/20/2014 | | $ 9,309.21 |

Receipts:

| | | | |
|---|---|---|---|
| 1. | None | $ - | |
| | Total Receipts: | | $ - |

Disbursements:

| | | | |
|---|---|---|---|
| 1. | California Franchise Tax Board | $ 1,600.00 | |
| 2. | Trans to Copeland Wealth Mgmnt Acct Close Copeland Fixed Income I Acct | 7,709.21 | |
| | Total Disbursements: | | $ 9,309.21 |
| | Ending Cash Balance 5/14/2018 | | $ - |

**COPELAND FIXED INCOME II**
June 11, 2014 Through May 14, 2018

Beginning Balance:

| | | | |
|---|---|---|---|
| 1. | Receiver Fund Turnover 8/20/2014 | | $ 67,933.10 |

Receipts:

| | | | |
|---|---|---|---|
| 1. | None | $ - | |
| Total Receipts: | | | $ - |

Disbursements:

| | | | |
|---|---|---|---|
| 1. | A Nong & N Nguyen TTEE PEN Reissuance of Rcvr Distrib Check Returned after Rcvr Funds Trans to Trustee of Liquidating Trust | $ 27,533.60 | |
| 2. | California Franchise Tax Board | 1,600.00 | |
| 3. | Copeland Realty Inc Acct For Interim Distribution and to Close Copeland Fixed Income II Acct | 38,799.50 | |
| Total Disbursements: | | | $ 67,933.10 |
| Ending Cash Balance 5/14/2018 | | | $ - |

**COPELAND FIXED INCOME III**
June 11, 2014 Through May 14, 2018

Beginning Balance:

| | | | |
|---|---|---|---|
| 1. | Receiver Fund Turnover 8/20/2014 | | $ 80,303.72 |

Receipts:

| | | | |
|---|---|---|---|
| 1. | V Muraligopal CP 13 Settlement Pmnts | $ 24,375.69 | |
| 2. | S Gregory Settlement Pmnt | 56,252.15 | |
| Total Receipts: | | | $ 80,627.84 |

Disbursements:

| | | | |
|---|---|---|---|
| 1. | M. Perez Estrada Fixed III Distrib Reissuance of Rcvr Distrib Check Returned after Rcvr Funds Trans to Trustee of Liquidating Trust | $ 3,663.99 | |
| 2. | California Franchise Tax Board | 1,600.00 | |
| 3. | V. Muraligopal Refund of Overpayment | 2,368.20 | |
| 4. | Copeland Realty Inc Acct For Interim Distribution | 148,502.61 | |
| 5. | Trans to Copeland Wealth Mgmnt Acct Close Copeland Fixed Income III Acct | 4,796.76 | |
| Total Disbursements: | | | $160,931.56 |
| Ending Cash Balance 5/14/2018 | | | $ - |

Detailed descriptions of the above summary accountings for the Copeland Wealth Management a Real Estate Corporation account (Formerly Identified as Copeland Realty Inc.); the Copeland Properties 18LP account; the Copeland Fixed Income I Account; the Copeland Fixed Income II account; and, the Copeland Fixed Income III account for the period from the appointment of the Trustee herein on June 11, 2014 through April 20, 2018 are contained on the attached Cash Receipts and Disbursement Record, attached hereto and incorporated herein as Exhibit A.

## III. FEE AND COST RECONCILIATION

In connection with the administration of the Liquidating Trust, the Trustee has incurred fees and costs as reported and detailed in the Trustee's fee applications previously filed and approved by the Court. The Trustee has submitted a final fee application to the Court with this Final Report and the motion to approve this Final Report.

As noted above, the Trustee was authorized to employ Mulvaney as legal counsel for the Trustee and the Liquidating Trust herein, and, the Trustee was authorized to employ Lavine as the accountants for the Trustee and Liquidating Trust herein. Mulvaney and Lavine incurred fees and costs as reported and detailed in the fee applications previously filed and approved by the Court. Mulvaney and Lavine have submitted their final fee applications to the Court with this Final Report and the motion to approve this Final Report.

In approving the previously filed fee applications of the Trustee, the fees and costs of the Trustee were approved with the direction that 80% of the fees as approved would be paid; 20% of the fees as approved would be held-back from payment; and, 100% of the costs as approved would be paid.

In approving the previously filed fee applications of Mulvaney, the fees and costs of Mulvaney were approved with the direction that 80% of the fees as approved would be paid; 20% of the fees as approved would be held-back from payment; and, 100% of the costs as approved would be paid.

In approving the previously filed fee applications of Lavine, the fees and costs of the Lavine were approved with the direction that 100% of the fees as approved would be paid and 100% of the costs as approved would be paid. There was no hold-back applied to Lavine's fees.

Attached hereto as Exhibit B is a reconciliation of the fee and cost applications of the Trustee, Mulvaney, and Lavine which includes detail of the reserve (20% hold-back amount applied to prior approved Trustee fees and

Mulvaney fees) plus closing fees and costs due to the Trustee, Mulvaney and Lavine, less discounts proffered by the Trustee and Mulvaney. The reserve, closing fees and costs due to the Trustee, Mulvaney, and Lavine and any proffered discounts are further detailed in the final fee applications submitted with this Final Report.

The final fee applications of the Trustee, Mulvaney, and Lavine represent services rendered since the filing of the last fee application with the court and include services yet to be rendered in connection with closing out the administration of the Liquidating Trust, which services include services to be rendered to finalize distributions to claimants, services to finalize tax returns, and services to close out the Liquidating Trust. The fees and costs for the services yet to be rendered are included in the final fee applications submitted herewith. Trustee requests that the Trustee be directed to pay approved final fee application fees and costs of the Trustee, Mulvaney, and Lavine at the rate of 100% of the amount of the approved final fees and costs.

## IV. CONCLUSION

The Trustee has worked diligently and efficiently in fulfilling his duties and has provided valuable service in that regard. Based on the foregoing Final Report and on the motion and declaration of the Trustee filed herein in connection with the approval of this Final Report, the Trustee requests the Court approve this Final Report.

Dated: 14 May 18

By: [signature]
RICHARD M KIPPERMAN
Trustee